UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A&E TELEVISION NETWORKS,

                            Plaintiff,

            -against-

GENUINE ENTERTAINMENT, INC.,
d/b/a THE IDEA FACTORY, ET AL.,

                            Defendants.

09 Civ. 7422 (RJH)

<u>**MEMORANDUM OPINION
AND ORDER**</u>

     Plaintiff A&E Television Networks brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a declaration that it is not liable to defendants for claims related to a reality television show.  The same controversy is being litigated in California state court.  Defendants move to dismiss the complaint on the theory that the Court should exercise its discretion to abstain under the Declaratory Judgment Act.  For the following reasons, the motion is granted and the action is dismissed.

## BACKGROUND

     This case concerns a reality TV show based on Steven Seagal's adventures as a part-time sheriff's deputy in Louisiana.  The show is called "Steven Seagal: *Lawman*."  Defendants, a production company and its agents, claim that they conceived of the show and pitched it to A&E, which liked the idea so much that it pushed them aside and worked directly with Seagal and his agents to develop it.[1]  Defendants believe they are

---

[1] Defendants also pitched other ideas to A&E for a series involving Mr. Seagal, including one that would feature Seagal, Chuck Norris, and Jean-Claude Van Damme living together in a house, and another that

entitled to damages based on, *inter alia*, a theory of breach of implied contract.  On

August 19, 2009, they sent A&E's outside counsel a demand letter and draft complaint.

The letter stated that defendants would file suit in Los Angeles Superior Court within 10

days unless the parties negotiated a resolution before that time.  (Johnson Decl. Ex. 1.)

Rather than respond to defendants, A&E decided to beat them to the courthouse.  It wrote

out its defenses to the claims raised in the demand letter, packaged them into a complaint

seeking declaratory relief, and filed this action on August 24, 2009, four days after it

received the letter.  The next day, defendants initiated their suit in Los Angeles.  A&E

moved to stay that action on the ground that this case was filed first, but the state court

denied the motion, finding that A&E had initiated the declaratory action in bad faith.

(RJN Ex. 2 at 3.)

## DISCUSSION

Defendants argue that the Court should abstain from exercising jurisdiction over

this declaratory action.

As the Second Circuit has explained, district courts may, in their discretion,

decline to entertain a declaratory action:

> The Declaratory Judgment Act by its express terms vests a district court with discretion
> to determine whether it will exert jurisdiction over a proposed declaratory action or not.
> The statute reads, "In a case of actual controversy within its jurisdiction ... any court of
> the United States ... may declare the rights and other legal relations of any interested
> party seeking such declaration, whether or not further relief is or could be sought." 28
> U.S.C. § 2201(a) (emphasis added). Courts have consistently interpreted this permissive
> language as a broad grant of discretion to district courts to refuse to exercise jurisdiction
> over a declaratory action that they would otherwise be empowered to hear.

*Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003); *see also Wilton v.*

*Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict Courts possess discretion in

---

would pit contestants against each other in a competition to become Mr. Seagal's sidekick.  A&E declined
to pursue these proposals.

determining whether to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *Id*. at 287 ("In the declaratory judgment context, the normal principles that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.").[2]

Where, as here, a declaratory action presents a controversy that is also being litigated in a parallel state court action, federal courts will decline to entertain the declaratory action if "the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942); *Wilton*, 515 U.S. at 282. In applying this doctrine, known as *Brillhart* abstention, Courts consider a non-exclusive list of factors relevant to the adequacy of the state court proceedings:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding [;] (5) avoiding duplicative proceedings; (6) avoiding forum shopping[;] (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*TIG Ins. Co. v. Fairchild Corp.*, No. 07 Civ. 8250 (JGK), 2008 WL 2198087, at *2 (S.D.N.Y. May 27, 2008) (alterations omitted) (citing *National Union Fire Ins. Co. v. Warrantech Corp.*, 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001)).

In this case, the *Brillhart* factors weigh heavily in favor of abstention. First, and perhaps foremost, plaintiff has clearly engaged in forum-shopping. A&E filed this suit

---

[2] Though courts occasionally apply the oft-quoted principle that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" in declaratory judgment cases, *see Wells Fargo Bank, N.A. v. Sharma*, 642 F. Supp. 2d 242, 248 (S.D.N.Y. 2009), *Wilton* held that the "unflagging obligation" does not extend to declaratory actions. 515 U.S. at 284-88.

only after it learned that defendants were on the brink of bringing suit in California.  In other cases involving such blatantly anticipatory declaratory suits, courts have frequently exercised their discretion to abstain.  *See Fed. Ins. Co. v. May Dep't Stores*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992); *Sturge v. Diversified Transport Corp.*, 772 F. Supp. 183, 186-87 (S.D.N.Y. 1991); *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 586 (S.D.N.Y. 1990); *see also Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978) ("When the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the [coercive] plaintiffs' chosen forum.").  These cases recognize that use of the declaratory action as a forum-shopping device undermines the purposes of the Declaratory Judgment Act.  The Act seeks to "afford relief from the uncertainty, insecurity, and controversy" of a situation where one is a party to a ripe dispute but the right to initiate a coercive action belongs only to the opposing party.  *Sturge*, 772 F. Supp. at 186 (quoting *Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)); *Great Am. Ins. Co.*, 735 F. Supp. at 585 ("The intent of the act is to allow a party to be free from the whim of its opponent in deciding when to resolve the legal dispute between them.").  If a party files a declaratory action with knowledge that its adversary is about to bring a coercive suit, then the object of the declaratory action cannot be to obtain clarification of disputed rights, because the declaratory plaintiff is well aware that those disputes are about to be submitted to a court.  A&E, for example, knew that defendants would bring their dispute to a California court within ten days, so the purpose of its declaratory action could not have been to resolve uncertainty over defendants' interests in *Lawman*.  Instead, the action's purpose was, quite obviously, to shift

adjudication of defendants' claims from California state court to New York federal court.[3]  As such, the action does not fall within the purposes of the Act.  *See Great Am. Ins. Co.*, 735 F. Supp. at 586 ("Plaintiff knew that defendant would file an action in Texas if it did not manage to file the instant action first.  The Declaratory Judgment Act was not designed to countenance such procedural manipulation of forums and actions.  In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage in the coercive action militates in favor of dismissing the declaratory [] action.").[4]

Other *Brillhart* factors similarly demonstrate that the parties' dispute is far better suited for adjudication in the California court.  The California action encompasses every issue raised and every party named in this case, as well as claims against additional parties that emanate from the same nucleus of facts.  Because the California court declined to stay the proceedings there (based on its finding that A&E had initiated this suit in bad faith), that action has already progressed deep into discovery.  (RJN Ex. 2 at 3; Reply Mem. at 2.)  Thus, allowing this declaratory action to stand would simply duplicate a component of the California proceedings.

Nothing counterbalances these factors favoring abstention.  Plaintiff more or less concedes that Los Angeles is at least as convenient a litigation forum as New York.  (Pl. Mem. at 21-22.)  Indeed, plaintiff's only argument under *Brillhart* is that New York law

---

[3] The Court does not know why, exactly, plaintiff seeks this shift.  It is not clear that the different forum will result in application of different substantive law.  Whatever the actual motive, it is apparent that the purpose of the declaratory action was not to relieve any uncertainty about A&E's legal rights and liabilities, given the imminence of the California action.

[4] Plaintiff objects that *Great Am. Ins. Co.* is inapposite because it did not involve parallel state court litigation and thus was "not [a] *Brillhart* abstention case[] at all." (Pl. Mem. at 16 n.9.)  This argument misses the point.  Forum-shopping is a factor relevant to abstention in any declaratory judgment case, including *Brillhart* cases.  Although *Great Am. Ins.* analyzed this factor in a slightly different context— where the parallel litigation had been removed to federal court, rather than remaining in state court—the case's reasoning remains relevant to the Court's consideration of how plaintiff's forum-shopping should affect the abstention analysis.  *See Great Am. Ins. Co.*, 735 F. Supp. at 583, 585-86.

5

will govern the parties' dispute, regardless of the litigation forum, and that the "choice of law" factor therefore favors adjudication in New York.  But this factor cannot bear the weight plaintiff places on it.  Though the applicability of *federal* law militates strongly against *Brillhart* abstention, the choice between different state laws is of comparatively small import, particularly when other factors point decidedly toward abstention.  *See Travelers Indemnity Co. v. Philips Electronics North America Corp.*, No. 02 Civ. 9800 (WHP), 2004 WL 193564, at *3 (S.D.N.Y. Feb. 3, 2004).  Of course, it may be true that a federal court in New York is better equipped to apply New York law than a state court in California.  But this consideration is easily overwhelmed by the factors cutting the other way: the need to deter a blatant case of forum-shopping, and the fact that litigation here will duplicate litigation in California.  Thus, even assuming that New York law will apply to the parties' controversy—a point defendants do not concede—the Court still finds abstention wholly appropriate.  *See id.*

Having decided to abstain, the Court must decide whether to dismiss the case or to stay the proceedings pending resolution of the California action.  *See TIG Ins. Co.*, 2008 WL 2198087 at *5.  Either way, the outcome in California will bind the parties under *res judicata*, so the choice between stay and dismissal is of little consequence.  *See Wilton*, 515 U.S. at 283.  A stay is generally the preferred course, due to the risk that the state court action will not resolve all of the issues raised in the declaratory action, but dismissal is appropriate where the circumstances do not present this risk.  *See TIG Ins. Co.*, 2008 WL 2198087 at *5.  Here, the parties agree that the California action encompasses all of the issues raised in this case; indeed, A&E's complaint does nothing

more than assert defenses to the claims brought against it in California. Therefore, the

Court deems it proper to dismiss, rather than stay, A&E action. *See id.*

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. The Clerk is

directed to close this case.


SO ORDERED.

Dated: New York, New York
        June 10, 2010

Richard J. Holwell
United States District Judge